OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Larry Majors appeals his conviction and sentence on one count of possession of crack cocaine entered by the Licking County Court of Common Pleas, following his plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
{¶ 2} On May 29, 2003, the Licking County Grand Jury indicted appellant on one count of possession of crack cocaine, in violation of R.C. 2925.11(A)(C)(4)(b), a felony of the fourth degree; and one count of illegal conveyance, in violation of R.C.2921.36(A)(2), a felony of the third degree. Appellant entered a plea of not guilty to the charges at his arraignment on July 14, 2003. Appellant filed a motion to suppress, seeking the suppression of physical evidence recovered from his person after his arrest on May 25, 2003, as well any statements, evidence or testimony related thereto. Appellant asserted the officers lacked probable cause to effectuate the arrest. The trial court conducted an oral hearing on the motion.
{¶ 3} Det. Doug Bline, a narcotics detective with the City of Newark Police Department, testified, on May 25, 2003, he arranged a deal between a confidential informant and an individual by the name of Jemiah McCrary for the purchase of crack cocaine. The informant was scheduled to meet McCrary at a carwash at 11:30 p.m. Det. Bline transported the informant to the area. The informant had been searched and wired at the police department. Det. Bline gave the informant recorded buy money. After some delay, McCrary arrived and the deal transpired. Appellant was a passenger in the vehicle at the time. When the informant returned to Det. Bline's cruiser, she informed the officer both McCrary and appellant had crack cocaine on their respective persons. Det. Bline radioed Patrolman John Brnjic to inform him the deal was complete and to effectuate a stop of McCrary's vehicle. Bline instructed Brnjic to detain both the driver and the passenger.
{¶ 4} Det. Bline testified the informant had worked on three other successful buys with the police department. He noted he had never had any problems with this particular informant. After debriefing the informant, Det. Bline proceeded to the scene of the traffic stop of McCrary and appellant. Patrolman Brnjic advised Bline both McCrary and appellant had been patted down, but no drugs had been found on either one of them. Brnjic told Bline appellant was handcuffed, placed in the cruiser, and read his Miranda rights. Officers ultimately found crack cocaine in the backseat of the cruiser where appellant had been detained. On cross-examination, Det. Bline acknowledged the informant did not, in her written statement, detail receiving drugs from appellant. A recorded portion of the conversation between Det. Bline and the informant revealed the informant told Bline, "The other guy had something, too." The recording was played for the trial court.
{¶ 5} After the State and appellant gave their closing arguments, the trial court stated, "I'm looking at the totality of the circumstances that existed at the time and not just pulling one quote out. Based upon that, the Court does find that there is probable cause to arrest [appellant]." October 8, 2003 Tr. at 50. The trial court denied appellant's motion to suppress and instructed the State to prepare findings of fact and conclusions of law consistent with its ruling.
{¶ 6} On December 29, 2003, the State moved the trial court to dismiss count two of the indictment, which the trial court granted. On January 9, 2004, appellant entered a plea of no contest to possession of crack cocaine. The trial court sentenced appellant to a determinate term of incarceration of twelve months and ordered the sentence to be served consecutive to an unrelated Licking County Court of Common Pleas case.
{¶ 7} It is from this conviction and sentence appellant appeals, raising the following assignments of error:
{¶ 8} "I. The trial court committed harmful error in denying the defendant-appellant's motion to suppress evidence.
{¶ 9} "II. The trial court committed harmful error in sentencing the defendant-appellant to consective [sic] terms of incarceration."
 I
{¶ 10} In his first assignment of error, appellant contends the trial court erred in overruling his motion to suppress.
{¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See, State v. Fanning (1982), 1 Ohio St.3d 19;State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See,State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry
(1994), 95 Ohio App.3d 93, 96; State v. Claytor (1993),85 Ohio App.3d 623, 627; and State v. Guysinger, supra. As the United States Supreme Court held in Ornelas v. U.S. (1996),517 U.S. 690 116 S.Ct. 1657, 134 L.E2d 911" . . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
{¶ 12} As a general rule, a warrantless arrest is valid if the arresting officer possessed probable cause to believe that the individual had committed or was committing a crime. See, e.g.,Beck v. Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223,13 L.Ed.2d 142. The law on probable cause has developed from the United States Supreme Court's holding in Illinois v. Gates (1983),462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527. In determining whether probable cause to arrest exists, the totality of the facts and circumstances must be "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Id. See, also, Gerstein v. Pugh (1975), 420 U.S. 103,111-112, 95 S.Ct. 854, 43 L.Ed.2d 54; State v. Tibbetts (2001),92 Ohio St.3d 146, 153. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C).
{¶ 13} Upon review of the entire record in this matter, we find the totality of the facts and circumstances support the trial court's finding of probable cause. The testimony established the confidential informant had an indicia of trustworthiness, given her prior work for the police department as well as the use of a recording device. The confidential informant told Det. Bline appellant had "something on him," which the trial court reasonably concluded was drugs, given the context in which the statement was made. Because the officers had probable cause to arrest appellant, the search of appellant's person was also proper for security purposes.
{¶ 14} Appellant's first assignment of error is overruled.
 II
{¶ 15} In his second assignment of error, appellant challenges the trial court's imposition of consecutive terms of imprisonment.
{¶ 16} R.C. 2929.14, which addresses the imposition of consecutive prison terms, requires a trial court to make certain findings:
{¶ 17} "(E)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the count may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
{¶ 18} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
{¶ 19} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
{¶ 20} "[P]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make the statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." State v.Comer, 2003-Ohio-4165.
{¶ 21} At the sentencing hearing the trial court stated:
{¶ 22} "With regard to this case, the Court would sentence the defendant to 12 months at the Correction Reception Center, order that the court costs be paid. * * * This case would be consecutive with Case Number 03CR355, the Court finding that consecutive sentences are necessary to punish the defendant and protect the public; that the criminal history of the defendant is such that consecutive sentences are necessary; and that the sentence is not disproportionate. Further, the Court would adopt the findings of fact as submitted with regard to the reasons for the consecutive sentences." Tr. Jan. 9, 2004 Sentencing Hearing at 13-14.
{¶ 23} Upon review of the record, we do not find "findings of fact as submitted" or any document resembling such. Because the trial court failed to make the statutorily enumerated findingsand give reasons supporting those findings at the sentencing hearing, we vacate appellant's sentence and remand the matter to the trial court to make the appropriate findings and give reasons to support such findings.
{¶ 24} Appellant's second assignment of error is sustained.
{¶ 25} The judgment of the Licking County Court of Common Pleas is affirmed in part and vacated in part, and remanded for further proceedings consistent with this opinion and the law.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed in part, vacated in part and remanded for further proceedings consistent with this opinion and the law. Costs to be assessed equally.